UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>      Plaintiff,<br><br> v.<br><br>KEITH DEVOS,<br><br>      Defendant. | Case No. C25-5312-DGE-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for appointment of counsel. The Court, having reviewed Plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. 4) is DENIED. There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent any person unable to afford counsel, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

1  and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal
2  issues involved.  *Wilborn*, 789 F.2d at 1331.
3       Plaintiff is a civil detainee who is confined at the Special Commitment Center ("SCC") in
4  Steilacoom, Washington.  He appears to allege in his amended complaint that Keith Devos, the
5  current Chief Executive Officer ("CEO") of the SCC, through members of his SCC staff, has
6  retaliated against Plaintiff because of his success in a prior lawsuit.  *See* Dkt. 3.  Specifically,
7  Plaintiff references a $33,000 settlement he received last year in the "contaminated water
8  lawsuit," which Plaintiff indicates was settled for a total of $7.5 million.  *See id.* 1-2.  According
9  to Plaintiff, the alleged retaliatory conduct includes denying him discharge from the facility even
10 though he is statutorily eligible for release, denying him necessary medical care, and denying
11 him the ability to purchase a personal computer which he needs in order to challenge his civil
12 commitment.  *See id*. at 1-4.
13      In his motion for counsel, Plaintiff argues that appointment of counsel is appropriate
14 because (1) this case is likely to involve large numbers of plaintiffs and the issues presented "are
15 novel and non-frivolous," and (2) he is elderly and has Alzheimer's disease, which may at some
16 point render him unable to proceed with this action *pro se*.  Dkt. 4.
17      Given that Plaintiff recently came into a substantial amount of money, *i.e.,* the $33,000
18 settlement, it seems likely that he has the resources to retain counsel to represent him in this
19 matter should he desire to do so.  However, even if the Court assumes for purposes of this
20 motion that Plaintiff is unable to afford counsel, he has not made the requisite showing for
21 appointment of counsel.
22      The Court first observes that there is nothing in the record to support Plaintiff's
23 suggestion that this case is likely to involve large numbers of plaintiffs as the retaliation claims

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

alleged in his amended complaint appear to be personal to him. The Court further observes that Plaintiff's retaliation claims are not "novel," and it remains to be seen whether the claims are "non-frivolous." As noted above, Plaintiff identifies a single Defendant in his amended complaint, SCC CEO Devos, but he does not set forth facts in his pleading which clearly connect CEO Devos to the allegations of retaliatory conduct. Rather, it appears that Plaintiff may be seeking to have CEO Devos held liable for the acts of other SCC staff members based solely on Defendant's supervisory role or responsibilities, which is not permissible in an action brought under § 1983. *See Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983). As Plaintiff has not adequately alleged a cause of action against CEO Devos at this juncture, the Court cannot conclude that Plaintiff is likely to succeed on the merits of his claims.

The Court observes as well that though it does not appear Plaintiff has alleged a viable retaliation claim at this juncture, nothing in the materials before this Court suggest that he lacks the ability to do so. Indeed, Plaintiff's retaliation claim is not overly complex, and he has clearly set forth the facts which he believes support his claim, he has simply not demonstrated that the harm he alleges he suffered is attributable to the conduct of the named Defendant. Plaintiff's failure at this juncture to adequately allege a cause of action against CEO Devos does not, by itself, constitute an extraordinary circumstance. Finally, to the extent Plaintiff alleges that his age and cognitive deficits may at some point impair his ability to litigate this action, his allegations are speculative and insufficient to demonstrate an entitlement to counsel.

Because Plaintiff has not demonstrated that he is unable to afford counsel, nor has he demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel, his request for counsel must be denied.

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable David G. Estudillo.

DATED this 4th day of June, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 4