UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                Plaintiff,

    v.

KEITH DEVOS,

                Defendant.

Case No. C25-5312-DGE-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Richard Scott is confined at the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington. *See* Dkt. 8. Plaintiff alleges in this action that the former CEO of the SCC, Keith Devos, retaliated against him after settling a prior lawsuit of Plaintiff's. *See id.* He alleges as well that he has received inadequate medical care at the SCC, and that he has been denied access to the courts. *Id.* This matter comes before the Court on the motion of Defendant Keith Devos to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 10. Plaintiff has filed a response opposing Defendant's motion and Defendant has filed a reply in support of his motion (Dkts. 12, 15). Also pending before the Court is Plaintiff's recently filed

REPORT AND RECOMMENDATION
PAGE - 1

motion to consolidate this case with another of his pending actions, *Scott v. Haven*, C25-648-RAJ-TLF. Dkt. 17.

The Court, having considered Plaintiff's second amended complaint, Defendant's motion to dismiss, all briefing of the parties, and the governing law, concludes that Defendant's motion should be granted, and Plaintiff's second amended complaint and this action should be dismissed with prejudice. The Court further concludes that Plaintiff's motion to consolidate should be denied as moot.

## II.   BACKGROUND

Plaintiff submitted his original civil rights complaint to the Court for filing on April 7, 2025, together with the requisite filing fee. *See* Dkt. 1. Plaintiff alleged therein that Defendant Devos retaliated against him after he was awarded a settlement in the "contaminated water lawsuit." *Id*. at 1-2. Though not entirely clear, Plaintiff appeared to allege that the retaliation took the form of denying him adequate medical care and denying him discharge from confinement. Plaintiff also appeared to assert an independent claim of denial of access to the Courts related to Defendant's rejection of his efforts to purchase a new personal computer which Plaintiff claimed was necessary for him to litigate his civil commitment case. *See id*.

On May 5, 2025, Plaintiff filed an amended complaint which, though formatted slightly differently, is substantially the same as his original complaint and indicates the same date of signing, March 10, 2025. *See* Dkt. 3. The only difference of note in Plaintiff's amended complaint is that he appears to also allege an independent claim of medical indifference against Defendant Devos. *See id*. at 2. Plaintiff, however, did not actually sign his amended pleading and, thus, that pleading is not properly before the Court. *See id*. at 4. On June 23, 2025, Plaintiff filed a second amended complaint, which alleges the same basic claims and facts as are alleged

in his first amended complaint but adds two sentences apparently intended to bolster his medical care claims against Defendant Devos.  *See* Dkt. 8.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party is permitted to amend its pleading once as a matter of course within specified timelines.  Plaintiff's first amended complaint was timely filed and arguably constitutes the one amended pleading Plaintiff was entitled to file as a matter of course under Rule 15(a)(1), even though it is procedurally deficient.  Plaintiff was thus required to seek leave of court before filing his second amended complaint, which he has not done.  However, given that Plaintiff's second amended complaint adds little of substance to his first amended complaint, and given that the second amended complaint is properly executed while the first amended complaint is not, the Court deems Plaintiff's second amended complaint to be the operative pleading in this action.

Defendant filed his motion to dismiss on June 30, 2025, and specifically indicates that it is addressed to Plaintiff's first amended complaint and not to his second amended complaint, which Defendant deems to be improper under Rule 15.  Dkt. 10 at 3.  However, as noted above, the differences between the two pleadings are relatively insignificant and the arguments set forth in Defendant's motion to dismiss are equally applicable to both pleadings.  The Court will therefore consider Defendant's arguments in relation to Plaintiff's second amended complaint. Plaintiff filed a response opposing Defendant's motion on July 14, 2025 (Dkt. 12), together with a declaration in support of his response (Dkt. 13).  Defendant filed a reply brief on July 28, 2025, in which he argues that the Court should not consider any facts outside the pleadings, such as those included in Plaintiff's response and declaration, and that the Court should dismiss Plaintiff's complaint because his response fails to cure the defects in the pleading.  Dkt. 15.  The briefing in this matter is now complete, and Defendant's motion to dismiss is ripe for review.

### III.  DISCUSSION

A.  **Legal Standards**

    *1.  Motion to Dismiss Standard*

Defendants move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to adequately state a claim for relief under § 1983. Dkt. 10.  A defendant may move for dismissal under this rule when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, the Court "may not supply essential elements of the claim that were not

initially pled[,]" *Pena*, 976 F.2d at 471, and "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss," *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

    2.    Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### B.     Materials Considered

Defendant argues in his reply brief that the Court, in ruling on his motion to dismiss, should not consider any facts outside the pleadings. Dkt. 15 at 2. Defendant notes that Plaintiff has attempted to add facts via his responsive brief and attached declaration, including references to other cases Plaintiff has participated in. *Id*. at 2-3.

As a general matter, the Court may not consider materials beyond the complaint in ruling on a Rule 12(b)(6) motion.[1] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Exceptions to this rule include material properly submitted as a part of the pleading, the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Id.* Under Rule 201, the Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff's response and declaration emphasize another case currently pending in this Court, *Scott v. Haven*, C25-648-RAJ-TLF, which contains allegations regarding the adequacy of the medical care he is receiving at SCC similar to those asserted in this action. However, the only Defendant identified in Plaintiff's other currently pending action is Dr. Haven who, according to Plaintiff, is the director of the SCC medical department. *See* C25-648-RAJ-TLF, Dkt. 1. Plaintiff suggests in his responsive brief and accompanying declaration that given the allegations in C25-648-RAJ-TLF, and other mechanisms through which Defendant Devos would have learned of his complaints regarding his medical care, Defendant's failure to reverse what

---

[1] Where matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment and disposed of under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

REPORT AND RECOMMENDATION
PAGE - 6

Plaintiff characterizes as retaliatory actions by the medical staff demonstrates that Defendant was directing and/or condoning their actions. *See* Dkt. 12 at 1; Dkt. 13 at 1. Plaintiff, however, has not identified any materials properly subject to judicial notice. Plaintiff's complaints, made in other forums regarding the same claims as are at issue here, do not satisfy any of the exceptions to the rule that the Court may not consider facts outside the complaint in ruling on a motion to dismiss. The Court therefore declines to consider Plaintiff's additional facts in ruling on Defendant's pending motion.

  **C.**   **Analysis**

    *1.*   *Retaliation*

Plaintiff's retaliation claim implicates his rights under the First Amendment.[2] For those in custody, including prisoners and those deemed sexually violent predators and subject to involuntary civil commitment:

> [A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *see Lough v. Washington State Dep't of Soc. & Health Servs.*, No. 22-35631, 2023 WL 5665769, at *1 (9th Cir. Sept. 1, 2023) (applying *Rhodes* standard to retaliation claim brought by individual civilly committed and detained at SCC under Washington State's sexually violent predator statute); *Turay v. Cunningham*, 485 F. App'x 281 (9th Cir. 2012) (same). To state a claim for retaliation, the plaintiff must allege facts that establish an actual link between his exercise of constitutional

---

[2] Plaintiff does not identify in his pleading the constitutional rights he believes were violated by Defendant Devos. The Court will thus identify the constitutional provisions that appear to be implicated by Plaintiff's allegations in order to provide the necessary framework for its analysis of those claims.

REPORT AND RECOMMENDATION
PAGE - 7

rights and the alleged retaliatory action.  *See Pratt v. Rowland*, 65 F.3d 802, 807-810 (9th Cir. 1995).

Plaintiff's allegations of retaliation are conclusory at best.  Plaintiff alleges that in March 2024, Defendant settled a "contaminated water lawsuit" for $7.5 million, that Plaintiff received $33,000 as his portion of the settlement, and that following the settlement Defendant, through his staff, retaliated against Plaintiff.  Dkt. 8 at 1-2.  Plaintiff maintains that the retaliatory conduct included being denied necessary care/accommodations for his various medical issues and being denied discharge from the SCC even though he is eligible for discharge "under RCW 71.09 4(b)(i) the physical change law."  *See id.*

Plaintiff's complaints regarding the adequacy of his medical care are directed primarily at SCC medical director Dr. Haven, though he alleges that Defendant Devos knew of and condoned the actions of Dr. Haven thus rendering him responsible for the alleged retaliatory conduct.  *See* Dkt. 8 at 1-4.  Plaintiff does not, however, allege any facts which establish a link between the settlement of the contaminated water lawsuit and the decisions regarding his medical care that he complains of here.  Plaintiff alleges that Dr. Haven's challenged actions occurred "[a]fter the settlement," but this vague allegation is wholly insufficient to demonstrate that Dr. Haven's medical decisions were motivated by the settlement in the water contamination lawsuit.  Moreover, there is an absence of facts showing that Defendant Devos directed any of the alleged retaliatory conduct or had any direct involvement in decisions regarding Plaintiff's medical care.  Plaintiff thus fails to adequately allege a retaliation claim against Defendant arising out of the alleged denial of adequate medical care.

To the extent Plaintiff contends that Defendant Devos "by and through his staff" retaliated against Plaintiff by denying him a discharge from confinement for which he is eligible,

REPORT AND RECOMMENDATION
PAGE - 8

rights and the alleged retaliatory action.  *See Pratt v. Rowland*, 65 F.3d 802, 807-810 (9th Cir. 1995).

Plaintiff's allegations of retaliation are conclusory at best.  Plaintiff alleges that in March 2024, Defendant settled a "contaminated water lawsuit" for $7.5 million, that Plaintiff received $33,000 as his portion of the settlement, and that following the settlement Defendant, through his staff, retaliated against Plaintiff.  Dkt. 8 at 1-2.  Plaintiff maintains that the retaliatory conduct included being denied necessary care/accommodations for his various medical issues and being denied discharge from the SCC even though he is eligible for discharge "under RCW 71.09 4(b)(i) the physical change law."  *See id.*

Plaintiff's complaints regarding the adequacy of his medical care are directed primarily at SCC medical director Dr. Haven, though he alleges that Defendant Devos knew of and condoned the actions of Dr. Haven thus rendering him responsible for the alleged retaliatory conduct.  *See* Dkt. 8 at 1-4.  Plaintiff does not, however, allege any facts which establish a link between the settlement of the contaminated water lawsuit and the decisions regarding his medical care that he complains of here.  Plaintiff alleges that Dr. Haven's challenged actions occurred "[a]fter the settlement," but this vague allegation is wholly insufficient to demonstrate that Dr. Haven's medical decisions were motivated by the settlement in the water contamination lawsuit.  Moreover, there is an absence of facts showing that Defendant Devos directed any of the alleged retaliatory conduct or had any direct involvement in decisions regarding Plaintiff's medical care.  Plaintiff thus fails to adequately allege a retaliation claim against Defendant arising out of the alleged denial of adequate medical care.

To the extent Plaintiff contends that Defendant Devos "by and through his staff" retaliated against Plaintiff by denying him a discharge from confinement for which he is eligible,

REPORT AND RECOMMENDATION
PAGE - 8

rights and the alleged retaliatory action.  *See Pratt v. Rowland*, 65 F.3d 802, 807-810 (9th Cir. 1995).

Plaintiff's allegations of retaliation are conclusory at best.  Plaintiff alleges that in March 2024, Defendant settled a "contaminated water lawsuit" for $7.5 million, that Plaintiff received $33,000 as his portion of the settlement, and that following the settlement Defendant, through his staff, retaliated against Plaintiff.  Dkt. 8 at 1-2.  Plaintiff maintains that the retaliatory conduct included being denied necessary care/accommodations for his various medical issues and being denied discharge from the SCC even though he is eligible for discharge "under RCW 71.09 4(b)(i) the physical change law."  *See id.*

Plaintiff's complaints regarding the adequacy of his medical care are directed primarily at SCC medical director Dr. Haven, though he alleges that Defendant Devos knew of and condoned the actions of Dr. Haven thus rendering him responsible for the alleged retaliatory conduct.  *See* Dkt. 8 at 1-4.  Plaintiff does not, however, allege any facts which establish a link between the settlement of the contaminated water lawsuit and the decisions regarding his medical care that he complains of here.  Plaintiff alleges that Dr. Haven's challenged actions occurred "[a]fter the settlement," but this vague allegation is wholly insufficient to demonstrate that Dr. Haven's medical decisions were motivated by the settlement in the water contamination lawsuit.  Moreover, there is an absence of facts showing that Defendant Devos directed any of the alleged retaliatory conduct or had any direct involvement in decisions regarding Plaintiff's medical care.  Plaintiff thus fails to adequately allege a retaliation claim against Defendant arising out of the alleged denial of adequate medical care.

To the extent Plaintiff contends that Defendant Devos "by and through his staff" retaliated against Plaintiff by denying him a discharge from confinement for which he is eligible,

REPORT AND RECOMMENDATION
PAGE - 8

his claim is frivolous.  Plaintiff provides a partial citation to the statute he believes entitles him to discharge, "RCW 71.09 4(b)(i)."  *See* Dkt. 8 at 1-2.  The Court presumes this is a reference to RCW 71.09.090, the statute which sets forth procedures permitting an individual previously adjudged a sexually violent predator to petition the court for conditional release to a less restrictive alternative or for unconditional discharge.  RCW 71.09.090(4)(b)(i) specifically addresses the evidence required for a court to order a trial on a petition for release based on physiological changes of the individual confined.  Pursuant to the statute, an individual such as Plaintiff who believes he meets the requirements for discharge may petition for release without any involvement on the part of the SCC.  *See* RCW 71.09.090(2)(a).  And, more importantly, only a court may order the type of discharge Plaintiff claims he is entitled to.  *See* RCW 71.09.090(1)(b).  Given that neither Defendant Devos, nor any member of his staff, has the authority under Washington law to grant a discharge, Plaintiff's claim that the denial of any discharge was based on retaliatory motives necessarily fails.

        2.      *Medical Care*

Though Plaintiff's pleading is not entirely clear, he appears to assert an independent claim of denial of adequate medical care against Defendant Devos.  This claim, like his retaliation claim, appears to be based on his contention that Defendant knew of and condoned the actions of Plaintiff's medical providers.  *See* Dkt. 8 at 2-4.

Plaintiff's medical care claims implicate his rights under the Fourteenth Amendment.  Such claims are governed by the standard set forth in *Youngberg v. Romero*, 457 U.S. 307, 321-22 (1982).  "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  *Id.*  Because of this, the court evaluates a civilly committed detainee's

claims under the Fourteenth Amendment, rather than the Eighth Amendment, and determines whether the plaintiff's allegations fall into the "professional judgment" articulated in *Youngberg*, 457 U.S. at 321–324. *See Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016); *Samuels v. Ahlin*, 2017 WL 6594635 at *5 (E.D. Cal. 2017).

A plaintiff must establish that the defendant's "'conduct diverge[d] from that of a reasonable professional.'" *Mitchell*, 818 F.3d at 443 (quoting *Ammons v. Wash. Dep't of Soc. & Health Serv.*, 648 F.3d 1020, 1027 (9th Cir. 2011)). "[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. Mere negligence or medical malpractice is not sufficient to demonstrate a constitutional violation. *See Patten v. Nichols*, 274 F.3d 829, 842–43 (4th Cir. 2001) (applying *Youngberg* to a denial of medical care for a civilly committed psychiatric patient and holding more than negligence is required to state a constitutional violation).

Plaintiff fails to allege sufficient facts to state a claim against Defendant Devos relating to the adequacy of the medical care he is receiving at SCC. Plaintiff asserts that Defendant was aware he had been issued "medical HSRs" by medical staff for various accommodations, including receiving meals on the unit, having a hospital bed, and not having to navigate stairs. *See* Dkt. 8 at 2-4. He further asserts that Dr. Haven's actions, or inaction, in relation to these HSRs put him at risk of serious injury or death. *Id*. Plaintiff also appears to assert that Defendant knew of his other medical issues, *i.e.,* those not involving issuance of "HSRs," and that Defendant was responsible for ensuring that all residents of the SCC received proper care because of his role as the CEO of the facility. *See id*. at 1-2.

However, Plaintiff makes clear in his pleading that the medical decision maker at the SCC is Dr. Haven, at least as to the issues Plaintiff expresses concern about in this action. *See* Dkt. 8 at 3-4. Plaintiff alleges no facts demonstrating that Defendant Devos had any control over the medical decision-making of either Dr. Haven or the SCC medical staff and, as explained above, Defendant may not be held liable under § 1983 based solely on his role as CEO of the facility. Moreover, as Defendant correctly notes in his motion to dismiss, Plaintiff's pleading contains insufficient facts to permit any determination as to whether Dr. Haven exercised reasonable professional judgment in relation to Plaintiff's medical issues and there is no information whatsoever as to whether Defendant did so. *See* Dkt. 10 at 11.

In his pleading, Plaintiff provides only a lengthy list of medical issues and notes the reasons he believes the responses to at least some of the identified issues have been unsatisfactory. *See* Dkt. 8 at 2-4. That Plaintiff was dissatisfied with the responses he received to his medical issues does not give rise to an inference that his medical providers did not exercise reasonable professional judgment in relation to his care. And, the absence of any facts directly connecting Defendant Devos to the medical care decisions at issue renders any intended Fourteenth Amendment claim against Defendant untenable.

        3.    *Access to Courts*

Plaintiff also appears to assert in his pleading an independent claim of denial of access to the courts arising out of his unsuccessful efforts to purchase a new Dell personal computer. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Lewis*, the Supreme Court made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of

access. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotation marks omitted). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See id*. at 353 n.3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n.4).

Plaintiff asserts that Defendant Devos is aware that in order for him to proceed with his civil commitment case he must have a personal computer because the judge will only accept pleadings in a specific format/font and will not accept anything hand-written. Dkt. 8 at 4. Plaintiff suggests that Defendant, in voiding the check Plaintiff had authorized for a new Dell computer, interfered with his ability to pursue his civil commitment case. However, Plaintiff does not allege facts demonstrating that the Dell personal computer he sought to purchase was the only way to prepare documents satisfactory for use in civil commitment proceedings of that he had any documents rejected because they did not comply with court rules. It is notable that the documents submitted by Plaintiff in this action have all been typed and they have been presented using various fonts and formats. Plaintiff's bare allegation that a judge in another case will not accept handwritten pleadings is wholly insufficient to demonstrate a denial of access to the courts, particularly where, as here, Plaintiff has demonstrated ample ability to prepare type-written documents.

## IV. CONCLUSION

For the reasons set forth above, this Court concludes that Plaintiff has not adequately stated any claim for relief against Defendant Devos and therefore recommends that Defendant's

motion to dismiss under Rule 12(b)(6) (Dkt. 10) be GRANTED.  The Court further recommends that Plaintiff's second amended complaint (Dkt. 8) and this action be dismissed with prejudice as nothing in the three pleadings Plaintiff has thus far submitted, or in his response to Defendant's motion to dismiss, suggests that he will be able adequately allege a viable cause of action against Defendant Devos even if granted a further opportunity to amend.  Finally, this Court recommends that Plaintiff's motion to consolidate this case with *Scott v. Haven*, C25-648-RAJ-TLF (Dkt. 17), be denied as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 2, 2025**.

DATED this 11th day of September, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge